**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DEBORAH MEREDITH**                                          **CIVIL ACTION**

**VERSUS**                                                    **CASE NO. 25-1422**

**OMNI HOTELS MANAGEMENT CORPORATION**     **SECTION: "G"(1)**

## ORDER AND REASONS

This litigation arises out of Plaintiff Deborah Meredith's ("Plaintiff") alleged slip and fall at the Omni Royal Orleans Hotel.[1] Before the Court is Defendant Omni Hotel Management Corporation's ("Defendant")[2] "Motion to Strike and Exclude Jason Hosli."[3] Plaintiff identified Jason Hosli ("Mr. Hosli") as an expert expected to testify regarding the alleged safety of the hotel room bathroom. Defendant seeks to exclude Mr. Hosli's expert testimony at trial, arguing that Plaintiff did not produce an expert report as required by Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff opposes the motion.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law the Court denies the motion and allows both parties an opportunity to supplement their expert disclosures.

## I. Background

On October 5, 2024, Plaintiff was a patron at the Omni Royal Orleans Hotel.[5] While attempting to exit the bathtub inside of the hotel room, Plaintiff allegedly slipped and fell, hitting

---

[1] Rec. Doc. 1.

[2] Defendant is doing business as "Omni Royal Orleans."

[3] Rec. Doc. 21.

[4] Rec. Doc. 23.

[5] Rec. Doc. 1-2 at 3.

her head on the toilet, causing serious injuries.[6] The petition alleges that the bathroom, bathtub, and surrounding area were unsafe.[7] On May 8, 2025, Plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans.[8] On July 11, 2025, Defendant removed the matter to this Court.[9]

On August 12, 2025, the Court issued a Scheduling Order, setting trial for July 13, 2026.[10] On April 2, 2026, Plaintiff filed her Witness and Exhibit List.[11] Plaintiff disclosed Edward K. Carrick. of Performance Analysis, LLC ("Mr. Carrick") and Jason Hosli of A-Plus Slip and Fall Protection of Louisiana, LLC as witnesses expected to testify regarding the safety of the hotel room bathroom, including dynamic coefficient of friction testing and alleged code violations.[12]

On May 1, 2026, the parties filed a Consent Motion to Continue Trial, seeking a continuance of the trial date because Plaintiff had not reached maximum medical recovery.[13] On May 7, 2026, the Court granted the motion, continuing the trial date and unexpired pretrial deadlines.[14] On May 20, 2026, the Court issued a second Scheduling Order, resetting the trial date

---

[6] *Id.* at 4.

[7] *Id.*

[8] Rec. Doc. 1-2.

[9] Rec. Doc. 1.

[10] Rec. Doc. 7.

[11] Rec. Doc. 13.

[12] *Id.*

[13] Rec. Doc. 15.

[14] Rec. Doc. 17.

to April 19, 2027.[15] The expert report deadlines had passed and were not reset.[16]

On July 1, 2026, Defendant filed the instant motion.[17] On July 14, 2026, Plaintiff filed an opposition to the motion.[18] On July 17, 2026, Defendant filed a reply memorandum in further support of the motion.[19]

## II. Parties' Arguments

### A.      *Defendant's Arguments in Support of the Motion*

In the motion, Defendant argues that Mr. Hosli should be excluded from testifying as an expert witness at trial because Plaintiff failed to produce an expert report for Mr. Hosli.[20] Defendant explains that the deadline for disclosure of Plaintiff's expert reports was on April 6, 2026.[21] Defendant avers that Plaintiff failed to comply with Federal Rule of Civil Procedure 26(a)(2)(B).[22] Defendant contends that other judges in this District have stricken expert testimony when no expert report was furnished.[23]

Defendant argues that Plaintiff's failure to comply with Rule 26(a)(2)(B) was neither

---

[15] Rec. Doc. 20.

[16] *Id.*

[17] Rec. Doc. 21.

[18] Rec. Doc. 23.

[19] Rec. Doc. 24.

[20] Rec. Doc. 21-1 at 1.

[21] *Id.* at 3.

[22] *Id.* at 7.

[23] *Id.*

justified nor harmless.[24] Defendant contends that Plaintiff knew of Mr. Hosli, disclosed him as an expert, and had him participate in an inspection of the hotel room, but Plaintiff did not provide a report before the April 6th deadline.[25] Defendant avers that allowing Mr. Hosli to testify despite the absence of a Rule 26 report would unfairly prejudice Defendant.[26] According to Defendant, allowing Mr. Hosli the opportunity to prepare an untimely report would allow him full knowledge of Defendant's liability expert opinions, which would benefit Plaintiff.[27] Defendant asserts that Mr. Hosli's expert testimony should be excluded.[28]

**B.      *Plaintiff's Argument in Opposition to the Motion***

In opposition, Plaintiff contends that she timely provided a comprehensive engineering report prepared by Mr. Carrick, which disclosed the inspection of the hotel room, the methodology, testing instrument, engineering analysis, and applicable standards.[29] Plaintiff avers that because Defendant has long possessed Plaintiff's experts' opinions, has deposed Mr. Carrick, and provided a rebuttal through its own expert, any alleged defect concerning Mr. Hosli is harmless.[30] Plaintiff suggested that the proper remedy is supplementation or limitation of Mr. Hosli's testimony, not exclusion.[31]

---

[24] *Id.* at 8.

[25] *Id.*

[26] *Id.*

[27] *Id.* at 9.

[28] *Id.*

[29] Rec. Doc. 23 at 1.

[30] *Id.*

[31] *Id.* at 2.

Plaintiff explains that she does not intend to use Mr. Hosli to offer undisclosed engineering opinions beyond those contained in Mr. Carrick's expert report.[32] Plaintiff contends that her liability opinions will be presented through Mr. Carrick, and Mr. Hosli's testimony will be limited to his participation in the testing process, the procedures used, and facts or technical matters consistent with Mr. Carrick's opinions.[33]

Analyzing the factors set out by the Fifth Circuit for exclusion,[34] Plaintiff first argues that Mr. Hosli's expert testimony is important because friction testing and bathroom safety are central to Plaintiff's premises liability claim.[35] Second, Plaintiff avers Defendant cannot establish prejudice because Plaintiff timely disclosed the opinions through Mr. Carrick's report.[36] Third, Plaintiff contends that any conceivable prejudice is curable through supplementation or limitation of Mr. Hosli's testimony.[37] Fourth, Plaintiff argues there is no bad faith because the record reflects a practical disclosure of the opinions to be offered, not gamesmanship.[38]

According to Plaintiff, the Fifth Circuit recognizes that experts may rely on information gathered by others when forming opinions.[39] Plaintiff explains that Mr. Hosli participated in the

---

[32] *Id.* at 5.

[33] *Id.*

[34] The Fifth Circuit evaluates whether exclusion is warranted by considering four factors: (1) the explanation for the failure to disclose; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance or other lesser remedy to cure any prejudice. *Hamburger v. State Farm Mut. Auto. Ins*. Co., 361 F.3d 875, 883–84 (5th Cir. 2004).

[35] Rec. Doc. 23 at 5.

[36] *Id.* at 6.

[37] *Id.*

[38] *Id.*

[39] *Id.* at 9.

testing performed by Mr. Carrick.[40] Plaintiff contends that Defendant can challenge foundation through cross-examination, and exclusion is unnecessary.[41] Plaintiff argues that the authority relied on by Defendant is distinguishable from the instant matter.[42] Plaintiff contends that it does not intend to elicit undisclosed opinions beyond Mr. Carrick's report.[43] Plaintiff asserts the motion should be denied.[44]

## C.   *Defendant's Arguments in Further Support of the Motion*

In further support of the motion, Defendant argues that Plaintiff's opposition memorandum addresses only the opinions of Mr. Carrick.[45] Defendant avers that Mr. Carrick's knowledge and education related to BOT testing is extremely limited, and Mr. Carrick does not hold any specific certifications or formal training as to the BOT-3000R machine or the coefficient of friction testing protocols.[46] Defendant explains that the DCOF testing was performed by Mr. Hosli, and Mr. Hosli took all of the measurements from the BOT tribometer during the testing.[47] Defendant points out inconsistencies with Mr. Carrick's affidavit and deposition testimony.[48] Defendant avers that the

---

[40] *Id.* at 10.

[41] *Id.*

[42] *Id.* at 11.

[43] *Id.* at 14.

[44] *Id.*

[45] Rec. Doc. 24 at 1.

[46] *Id.* at 2–3.

[47] *Id.* at 3.

[48] *Id.* at 5.

Court should disregard Mr. Carrick's affidavit for purposes of ruling on this motion.[49]

Defendant argues that Plaintiff has failed to show that the failure to produce an expert report for Mr. Hosli was substantially justified or harmless.[50] Defendant reiterates she would be prejudiced in Mr. Hosli is allowed to offer expert testimony on the DCOF testing he performed.[51] Defendant contends that Plaintiff provides no explanation for her failure to provide an expert report for Mr. Hosli.[52] Defendant asserts that Mr. Hosli should be excluded from offering expert testimony at trial.[53]

### III. Law and Analysis

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. The Rule contains different disclosure requirements according to the characterization of the witness. Rule 26(a)(2)(B) applies to witnesses "retained or specially employed to provide expert testimony in the case or [those] whose duties as the party's employee regularly involve giving expert testimony."[54] The Federal Rules require disclosure of these retained experts to be accompanied by a report containing: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications,

---

[49] *Id.* at 6.

[50] *Id.* at 7.

[51] *Id.* at 8.

[52] *Id.* at 9.

[53] *Id.*

[54] Fed. R. Civ. P. 26(a)(2)(B).

including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.[55]

The Fifth Circuit has identified four factors for use in determining whether to exclude expert testimony under Rule 37(c) for failure to comply with Rule 26(a)(2): (1) the party's explanation for its failure to disclose; (2) the importance of the testimony; (3) the prejudice, if any, to the party opposing the admission of the evidence; and (4) the possibility of curing any prejudice with a continuance, and (4) the importance of the evidence.[56]

Defendant seeks to exclude the expert testimony of Mr. Hosli because Plaintiff failed to provide an expert report complying with Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff responds that the opinions Defendant seeks to exclude were timely disclosed through Mr. Carrick's expert report, that Mr. Hosli's testimony will be limited to the testing he performed and matters consistent with Mr. Carrick's opinions, and that any technical deficiency is harmless.

First, Plaintiff's explanation for the omission is not persuasive. While Plaintiff argues that Mr. Hosli's testimony is consistent with the opinions set forth in Mr. Carrick's expert report, Rule 26 requires each retained expert to provide a compliant expert report. Thus, this factor weighs in favor of exclusion.

Second, the Court finds that Mr. Hosli's proposed testimony is important. Because the testing of the hotel bathroom floor is central to Plaintiff's premises liability claims, Mr. Hosli's

---

[55] *Id.*

[56] *Hamburger.*, 361 F.3d at 883.

testimony may assist the trier of fact in understanding the basis of Plaintiff's engineering evidence. Thus, this factor weighs against exclusion.

Third, the Court finds that any potential prejudice is significantly diminished by the present procedural posture of this case. Plaintiff represents that Mr. Hosli will not offer opinions beyond those already disclosed through Mr. Carrick. While Defendant may be entitled to additional disclosures and discovery concerning Mr. Hosli's anticipated testimony, Defendant has not shown prejudice that cannot be remedied through less drastic means than exclusion.

Finally, the availability of a continuance weighs against excluding Mr. Hosli's testimony. The Court has continued the trial until April 2027, and a sufficient amount of time remains for Plaintiff to disclose an expert report from Mr. Hosli, for Defendant to supplement its own report, and for the parties to conduct any limited additional expert discovery, if necessary.

For the reasons stated herein, the Court concludes that the appropriate remedy is to permit both parties to supplement their expert disclosures within the deadlines established by the Court, rather than excluding Mr. Hosli's testimony.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Strike and Exclude Jason Hosli"[57] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall disclose to Defendant an expert report from Mr. Hosli within 30 days of this Order. Defendant may supplement its expert report within 30 days of receipt of Mr. Hosli's expert report. If the additional disclosures require any additional

---

[57] Rec. Doc. 21.

discovery, such discovery shall be completed on or before November 13, 2026.

**NEW ORLEANS, LOUISIANA**, this 29th day of July, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**